UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RYAN PIXLEY | * | CASE NO. 2:11-cv-02788 |
| | * | |
| VERSUS | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| SPRINT SPECTRUM, L.P., ET AL | * | MAGISTRATE DANIEL KNOWLES, III |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**GENERAL ELECTRIC COMPANY AND G.E. POWER ELECTRONICS, INC.'S
ANSWER TO THE COMPLAINT OF INTERVENTION**

Defendants, General Electric Company and Lineage Power Holdings, Inc. (collectively "Defendants" or "GE"), for their answer to the Complaint of Intervention, aver as follows, with respect:

**FIRST DEFENSE**

The claims set forth in the Complaint of Intervention fail to state a claim against these Defendants upon which relief may be granted pursuant to *Bell Atlantic Crop. v. Twombly*, 550 U.S. 544 (2007) and its progeny.

**SECOND DEFENSE**

Without in any way waiving the defenses asserted above and below, and answering the separately numbered paragraphs of the Complaint of Intervention, Defendants aver as follows:

I.

The allegations of Paragraph I of the Complaint of Intervention do not appear to require a response from Defendants. To the extent a response is required, the allegations of Paragraph I of the Complaint of Intervention are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of Paragraph II of the Complaint of Intervention are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph III of the Complaint of Intervention are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph IV of the Complaint of Intervention directed at GE are denied. Any remaining allegations of Paragraph IV of the Complaint of Intervention are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph V of the Complaint of Intervention directed at GE are denied. Any remaining allegations of Paragraph V of the Complaint of Intervention are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph VI of the Complaint of Intervention are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in the prayer for relief in the Complaint of Intervention and directed at GE are denied. Any remaining allegations contained in the prayer for relief in the Complaint of Intervention are denied for lack of sufficient information to justify a belief therein.

**THIRD DEFENSE**

Defendants aver that Intervenor's claims against these Defendants are or may be barred, in whole or in part, by virtue of the Louisiana Workers' Compensation Act, Louisiana Revised Statute § 23:1032, *et. seq*.

**FOURTH DEFENSE**

Defendants are not liable for deterioration or defects in any work constructed or under construction by them to the extent Defendants performed or are performing the work according to plans or specifications not prepared by Defendants and where the deterioration or defect is due to fault or insufficiency of the plans or specifications, pursuant to Louisiana Revised Statute § 9:2771.

**FIFTH DEFENSE**

The claims set forth in Intervenor's Complaint of Intervention are barred by peremption pursuant to Louisiana Revised Statute § 9:2772.

**SIXTH DEFENSE**

Defendants aver that they neither owed any duty nor undertook any duty of care relative to Plaintiff.

**SEVENTH DEFENSE**

Defendants aver that the alleged incident and Plaintiff's alleged damages, if any, were the result of acts and/or omissions of third parties over whom Defendants exercised no control and for whom Defendant is not responsible or liable.

**EIGHTH DEFENSE**

Defendant avers that there was no fault, neglect, or other basis of liability on its part in connection with the alleged incident and Plaintiff's alleged damages, if any.

**NINTH DEFENSE**

Plaintiff's injuries, if any, are the result of Plaintiff's failure to see what he should have seen and in observing his course to see if the pathway was clear.

**TENTH DEFENSE**

Plaintiff's injuries, if any, are the result of a condition which should have been observed in the exercise of reasonable care or is otherwise open and obvious.

**ELEVENTH DEFENSE**

Defendants aver that they did not have garde, care, custody or control over the area that caused Plaintiff's injuries, if any. As a result, Defendants may not be held liable for any defect or the surrounding property, and Defendants owe no duty to protect Plaintiff from the same.

**TWELFTH DEFENSE**

Defendants aver that the condition of the premises was not unreasonably dangerous at the time and place of Plaintiff's alleged fall.

**THIRTEENTH DEFENSE**

Defendants aver that to the extent an unreasonably dangerous condition existed, which is expressly denied, no notice of the unreasonably dangerous condition was ever provided to Defendants, and as such, Plaintiff's claims are barred.

**FOURTEENTH DEFENSE**

The damages of which Plaintiff complains were caused by superceding and/or intervening causes.

**FIFTEENTH DEFENSE**

The damages of which Plaintiff complains were caused solely or in part by Plaintiff's own negligence, which negligence or fault operates as a bar to, or alternatively, diminishes,

reduces or offsets Plaintiff's damages, if any, in accordance with the principles of comparative fault.

### SIXTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### SEVENTEENTH DFENSE

Defendants aver that if Plaintiff sustained any injuries whatsoever, which is expressly denied, some or all of the injuries claimed by Plaintiff in the above-captioned matter pre-existed the subject incident or were caused by other accidents or events either before or after the incident at issue in this case, and Defendants are not liable for any pre-existing injuries or conditions.

### EIGHTEENTH DEFENSE

Defendants plead the benefits and protections of Louisiana Civil Code article 2323, *et. seq.*, and specifically plead the comparative fault of Plaintiff and other persons and/or entities, notwithstanding the immunity or insolvency of the said persons or entities.

### NINETEENTH DEFENSE

Defendants plead and incorporate by reference all defenses pled by the other Defendants that are not inconsistent with Defendant's position.

### TWENTIETH DEFENSE

Defendants reserve the right to amend their Answer to plead such other affirmative defenses as may be developed in the course of discovery and/or investigation into the facts of this matter.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands trial by jury on all issues.

**WHEREFORE**, Defendants, General Electric Company, G.E. Power Electronics, Inc., and Lineage Power Holdings, Inc. (collectively "Defendants" or "GE"), pray that after due proceedings are had, there be judgment herein in their favor, dismissing Intervenor's claims at its own cost and for all other legal, general and equitable relief as the nature of this case may permit.

Respectfully Submitted,

/s/ Victoria E. Emmerling_____
KENNETH H. LABORDE (NO. 8067)
VICTORIA E. EMMERLING (NO. 33117)
GIEGER, LABORDE & LAPEROUSE, LLC
One Shell Square, Suite 4800
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:	(504) 561-0400
Facsimile:	(504) 561-1011
E-Mail:	KLABORDE@GLLLAW.COM
	TEMMERLING@GLLLAW.COM

*Attorneys for General Electric Company, G.E. Power Electronics, Inc., formerly known as Lineage Power Corporation, formerly known as Tyco Electronics Power Systems, Inc., and Lineage Power Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been electronically filed this date and delivered to all counsel of record by Notice of Electronic Filing from the Court, by depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, via facsimile transmission or via electronic mail from the undersigned counsel, this 30th day of July, 2012.

/s/ Victoria E. Emmerling_____